**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Arthur Schwartz and Kelly Craig,**

**Plaintiffs,**

**-against-**

**Internal Revenue Service,**

**Defendant.**

**1:26-cv-01881 (JHR) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of the letter filed by the Government, dated November 6, 2026, purporting to be a joint letter filed on behalf of the Government and Plaintiffs, as required by the Court's September 17, 2026 Order. (*See* 11/6/26 Ltr., ECF No. 21; *see also* 9/17/26 Order, ECF No. 18.) The Government sets forth a proposed briefing schedule on its anticipated motion for judgment on the pleadings and asserts that pre-motion discovery is not necessary. (*See* 11/6/26 Ltr. at 1-2.) The letter also sets forth Plaintiff's position, asserting that a witness is required to explain the administrative record and requesting a period of discovery through March 2027. (*See id.* at 2-4.) The Court also is in receipt of Plaintiffs' Letter Motion seeking sanctions against the Government, asserting, among other things, that the Government's counsel changed their portion of the November 6 letter, without notifying Plaintiffs' counsel in advance. (*See* Pl.'s 11/7/26 Ltr. Mot., ECF No. 22.) Plaintiffs' Letter Motion further requests that the Court enter an Order requiring discovery, including regarding certain of Plaintiffs' tax returns, in advance of briefing on dispositive motions. (*See id.* at 3.)

To the extent the Government intends to move for judgment on the pleadings based upon a lack of subject matter jurisdiction, the Rule 12(c) motion is governed by the same standard that

applies to a motion under Rule 12(b)(1).[1] *See Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Stewart v. Metro. Life Ins. Co.*, No. 21-CV-08092 (PGG), 2025 WL 2710112, at *6 (S.D.N.Y. Sept. 22, 2025) (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)). "A facial motion is based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Id.* (cleaned up). "A plaintiff opposing such a motion bears 'no evidentiary burden.'" *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020) (quoting *Carter*, 822 F.3d at 56).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the pleading." *Stewart*, 2025 WL 2710112, at *6 (citation omitted). "In opposition to such a motion, a plaintiff will need to come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (cleaned up). "If a defendant supports [a] fact-based Rule 12(b)(1) motion with 'material and controverted' 'extrinsic evidence,' a 'district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction.'" *Nicholas*, 433 F. Supp. 3d at 587 (quoting *Carter*, 822 F.3d at 57).

---

[1] To the extent the Government also intends in its 12(c) motion to move for failure to state a claim, the standard is the same as under Rule 12(b)(6). *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). Thus, the Court is limited to consider "documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." *Id.* at 306. If "matters outside the pleadings are presented to and not excluded by the court[,]" the court must convert the motion into a motion for summary judgment. *See id.* at 302 (citing Fed. R. Civ. P. 12(d)).

Having carefully reviewed the parties' correspondence, the Court finds that Plaintiffs have not met their burden to show that discovery is necessary in advance of the Government's motion. *See Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) ("A party seeking jurisdictional discovery . . . bears the burden of showing necessity."); *see also Haber v. United States*, 823 F.3d 746, 753 (2d Cir. 2016) (district court did not abuse its discretion in denying jurisdictional discovery where plaintiff "failed to show how the information [she] hoped to obtain . . . would bear on the critical issue for jurisdiction"). On the current record, Plaintiffs have not shown that they need anything other than the exhibits to the Complaint and their own affidavits to oppose the anticipated motion. (*See* 11/6/26 Ltr. at 2-3; Pl.'s 11/7/26 Ltr. Mot. at 3.) Although Plaintiffs state that they need a witness to understand what is in the administrative record, the Government will be required to explain its position, with citations to evidence and relevant legal authority, in its motion.

Accordingly, it is hereby ORDERED, as follows:

1. No later than December 18, 2026, the Government shall file its motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings.

2. No later than January 8, 2027, Plaintiffs shall file their opposition to the Government's motion. If Plaintiffs still assert that they require discovery to oppose the Government's motion, they shall so state, with citation to relevant legal authority.

3. No later than January 22, 2027, the Government shall file its reply.

It is further ORDERED that Plaintiffs' Letter Motion for sanctions is DENIED. Plaintiffs have failed to set forth the statute or rule upon which they rely in seeking sanctions or any legal authority for imposing them in the circumstances presented. Nevertheless, going forward, the Court expects the Government to avoid even an appearance of ethical impropriety.

**SO ORDERED.**

Dated: New York, New York
November 10, 2026

Stewart d. Aaron

STEWART D. AARON
United States Magistrate Judge